# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-211 (JRT/BRT) |
| Plaintiff, | |
| v. | |
| (1) Buster Travoire Gaston, | **ORDER** |
| Defendant. | |

Julie E. Allyn, Esq., United States Attorney's Office, counsel for Plaintiff.

Rory Patrick Durkin, Esq., Giancola-Durkin, PA, counsel for Defendant Gaston.

This action before the Court on October 16, 2020, for a hearing at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Defendant and the Government presented their pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motions for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if

Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motions. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motions for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. Nos. 27, 125**) are **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

    2.    **Defendant's Motions for Discovery.** Defendant has filed three motions for discovery wherein he makes several requests. (Doc. No. 126, "Additional Demand for Discovery Pursuant to All Applicable Federal Rules and Caselaw"; Doc. No. 131, "Defendant's Renewed Initial Demand for Discovery Pursuant to All Applicable Federal Rules and Caselaw"; Doc. No. 132, "Renewed Supplemental Demand for Discovery Pursuant to All Applicable Federal Rules and Caselaw.") The Government filed a response to Defendant's motions. (Doc. No. 134.) In a status update to the Court dated October 7, 2020, Defendant states that "[a]s for discovery, the government has provided almost all of the discovery requested except for items 3 and 4 on at Docket #131, and #3

on Docket 132." (Doc. No. 139, 10/7/20 letter.) Accordingly, Defendant's motions **(Doc. Nos. 126, 131, and 132)** are **GRANTED IN PART** and **DENIED IN PART** as follows. The motions are **GRANTED** to the extent that they conform to Fed. R. Crim. P. 12, 16, and 26.2 and are not already moot. The motions are **DENIED** to the extent that the Jencks Act protects disclosure,[1] and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. The Government must disclose Rule 404 evidence no later than **14 days** prior to trial. In addition, the parties have a new dispute regarding whether certain statements must be produced now pursuant to *Brady* or whether they fall under the Jencks Act and produced according to the provisions of the Act. The Court will allow the parties to brief the issue. Defendant shall file his post-hearing brief no later than **November 30, 2020**, and the Government shall file its

---

[1] This includes any grand jury testimony. Nothing in this Order, however, precludes the Government from voluntary reciprocal exchange of Jenks Act material with Defendant prior to trial as the Government has represented that it will do.

response no later than **December 14, 2020**. Upon receipt and review of the briefing, the Court will issue an order on this remaining discovery issue.

   3.   **Defendant's Motion to Suppress.** Defendant filed a "Renewed Demand for Evidentiary Hearing and Issues," within which he seeks to suppress evidence seized from the stop and search of Defendant's vehicle, asserting "there was no lawful basis to stop the vehicle," law enforcement "unlawfully and/or unreasonably extended the scope of the initial stop," "the driver did not consent to the search of the vehicle," and "any consent on the part of the Defendant was coerced and involuntary." (Doc. No. 127.) [2] The Government opposes the motion. At the October 16, 2020 hearing, the Court received seven hearing exhibits, and Deputy/TFO Mark Altendorfer, Minnesota State Trooper Patric Ignazewski, and Minnesota State Trooper Anthony Mains testified. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **November 30, 2020**, and the Government shall file its response no later than **December 14, 2020**. The Court will take Defendant's motion to suppress **(Doc. No. 127)** under advisement on **December 14, 2020**, and issue a **Report and Recommendation** to the District Court.

   4.   The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Chief Judge John R. Tunheim.

Date:  October 19, 2020                              *s/ Becky R. Thorson*
                                                     BECKY R. THORSON
                                                     United States Magistrate Judge

---

[2]   Defendant withdraws his request to suppress based on "any issues with respect to the canine and whether it was a well-trained dog." (Doc. No. 139, 10/7/20 Letter.)